

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-20-00113-CR

---

BRADLEY ROSSER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 440th District Court
Coryell County, Texas
Trial Court No. 18-24734, Honorable Grant Kinsey, Presiding

---

July 14, 2021

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant, Bradley Rosser, was charged with assault on a family member by impeding the victim's breathing or circulation, enhanced by a prior assault on a family member conviction.[1]  Appellant and the State entered into a plea bargain agreement by which appellant would plead guilty and the State would drop the enhancement allegation and recommend that appellant be placed on deferred adjudication community supervision

---

[1] *See* TEX. PENAL CODE ANN. § 22.01(b)(1)(B) (West Supp. 2020).

for a period of two years. The trial court accepted this agreement. During the period of community supervision, the State filed a motion to proceed to adjudication of guilt alleging that appellant had violated the terms of his community supervision by possessing methamphetamine. Appellant pled "true" to the alleged violation without the benefit of a plea bargain. After hearing evidence, the trial court accepted appellant's plea, adjudicated him guilty, and sentenced him to five years' confinement in the Texas Department of Criminal Justice. This appeal followed.

Appellant's counsel on appeal has filed a motion to withdraw supported by an *Anders*[2] brief. We grant counsel's motion and affirm the judgment of the trial court. Counsel has certified that he has conducted a conscientious examination of the record and, in his opinion, the record reflects no reversible error upon which an appeal can be predicated. *Anders*, 386 U.S. at 744; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), counsel has discussed why, under the controlling authorities, the record presents no reversible error. In a letter to appellant, counsel notified him of his motion to withdraw; provided him with a copy of the motion, *Anders* brief, and motion for pro se access to the appellate record; and informed him of his right to file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014) (specifying appointed counsel's obligations on the filing of a motion to withdraw supported by an *Anders* brief). By letter, this Court also advised appellant of his right to file a pro se

---

[2] *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

response to counsel's *Anders* brief. Appellant has not filed a response. The State has not filed a brief.

By his *Anders* brief, counsel discusses areas in the record where reversible error may have occurred but concludes that the appeal is frivolous. We have independently examined the record to determine whether there are any non-frivolous issues that were preserved in the trial court which might support an appeal but, like counsel, we have found no such issues. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Following our review of the appellate record and counsel's brief, we conclude there are no plausible grounds for appellate review.

Therefore, we grant counsel's motion to withdraw.[3] The judgment of the trial court is affirmed.

Judy C. Parker
Justice

Do not publish.

---

[3] Counsel shall, within five days after the opinion is handed down, send appellant a copy of the opinion and judgment, along with notification of appellant's right to file a pro se petition for discretionary review. *See* TEX. R. APP. P. 48.4. This duty is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *In re Schulman*, 252 S.W.3d at 411 n.33.

3